UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHERMAN M. HUBBARD,

            Plaintiffs,                         Case No. 16-cv-11455

v.                                                  Honorable Thomas L. Ludington

SELECT PORTFOLIO SERVICING, INC. et al,

            Defendant.
_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTIONS FOR SUMMARY JUDGMENT, DENYING MOTION TO FILE AN AMENDED COMPLAINT, AND DISMISSING COMPLAINT

On April 22, 2017, Plaintiff Sherman Hubbard, proceeding pro se, filed a complaint naming Select Portfolio Servicing, Inc., Bank of America, and Deutsche Bank as Defendants. ECF No. 1. All pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 3. On December 12, 2016, Defendants filed two motions for summary judgment. ECF Nos. 27, 28. On March 16, 2017, Judge Morris issued a report recommending that the motions be granted and the complaint dismissed. ECF No. 41. On March 28, 2017, Hubbard filed a motion for leave to file an amended complaint. ECF No. 41. He also filed objections to Judge Morris's report and recommendation. ECF No. 42. For the following reasons, Hubbard's objections will be overruled, the motion to file an amended complaint will be denied, the report and recommendation will be adopted, and Hubbard's complaint will be dismissed.

**I.**

Judge Morris's factual summary of Hubbard's complaint will be adopted in full. For clarity, a brief summary will be provided here. According to Hubbard, he is bringing claims of

breach of contract and fraud. Compl. at 2, ECF No. 1. On January 14, 2004, Hubbard entered into an "Adjustable Rate Note" with Nationwide Lending. *Id.*[1] The loan was assigned to Bank of America and then sold to Deutsche Bank. In 2008, Hubbard paid $41,887 to Bank of America during a bankruptcy proceeding. *Id.* at 3.[2] In 2012, Select Portfolio Servicing became the loan servicer. *Id.*

In 2013, Hubbard was informed that he would receive a loan modification pursuant to "the US Justice Department and State Attorney General's Global Settlement." *Id.* After making three trial payments of $1,375.74, Hubbard was informed that "the monthly payments would be Substantially less than $1,375.74 and the interest rate on the loan would be at market Rate of 2.75-3.75% The final loan modification offer was $136,000 loan amount Interest Rate of 8.78% and a monthly payment amount of $1375.74." *Id.* (sic throughout).

Accordingly, Hubbard argues that Defendants "failed to perform on the federally ordered settlement by not offering [a]n at market interest rate at the time of the loan modification." *Id.* He alleges that "Defendants have knowingly and willfully . . . fraudulently deceived Plaintiff and Plaintiffs Attorney by having them submit loan modification documentation in excess of 15 time Each and every time claiming some form of paperwork is missing, incomplete, or Expired. Defendant has repeatedly changed or assigned a new loan servicer to Further delay the loan modification process." *Id.* (sic throughout). Hubbard further alleges that on "4 separate occasions defendant has offered loan modifications without Any paper work to plaintiff with deceptive open ended terms." *Id.*

---

[1] Hubbard's complaint does not specifically state the amount of the mortgage.

[2] Presumably, the bankruptcy proceeding in question was initiated by Hubbard. However, the complaint does not expressly confirm that to be true.

As a result of Defendants' alleged misconduct, Hubbard's home was foreclosed upon for "nonpayment of taxes." *Id.* He asserts that, because Defendants are unwilling to complete the mortgage modification mandated by the federal settlement, he is "unable to repair credit" and "unable to make necessary repairs to property." *Id.* at 4.

## II.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y*

*of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

**III.**

In the report and recommendation, Judge Morris first notes that Hubbard "has raised very few factual allegations against any defendant." Rep. & Rec. at 15, ECF No. 41. Likewise, Judge Morris concluded that Hubbard's "failure to distinguish between the defendants fails to put any particular defendant on notice of his claims against them, and thus violates the requirement of Federal rule of Civil Procedure 8(a)(1) that pleadings" contain a short and plain statement of the claims. *Id.* Specifically, Hubbard does not specify which Defendant, if any, had legal obligations to comply with the federally ordered settlement. He further does not specify which Defendant he alleges is responsible for providing the loan modification he seeks. And, to the extent Hubbard alleges claims of fraud, his conclusory pleadings do not meet the "heightened pleading standards attendant to fraud claims under Federal Rule of Civil Procedure 9(b). *Id.* at 16–17.

As to Defendant Deutsche Bank, Judge Morris asserts: "Even assuming [that the loan in question was sold to Deutsche Bank], Plaintiff has not set forth any viable claim for relief against Deutsche Bank. That Deutsche Bank was assigned a loan as trustee is not, in and of itself, a tort, violation of contract, or other actionable claim for relief." *Id.* at 17. Judge Morris thus recommends that Deutsche Bank be dismissed.

With regards to Defendant Select Portfolio Servicing ("SPS"), Judge Morris likewise recommends dismissal. After acknowledging that Hubbard's complaint is "minimally sufficient to allege the claim that SPS violated its promise to provide a mortgage modification at a

particular rate," Judge Morris concluded that "this claim is not one upon which relief can be granted." *Id.* at 18. Specifically, "Plaintiff makes no attempt to identify any federal or state statute or provision which could support such a right, and the Court is aware of no such statute." *Id.* at 19. Judge Morris further explained that "[c]laims of promissory estoppel brought against financial institutions under the circumstances described above fail unless the petitioner presents a written copy of the alleged promise or commitment, signed by the financial institution." *Id.* at 20. And to the extent Hubbard alleged that SPS violated an implied covenant of good faith and fair dealing, Michigan law does not recognize a cause of action for that claim. Finally, Judge Morris found that Hubbard's fraud claims failed to meet the Rule 9(b) standard.

Thus, Judge Morris recommends dismissal of Bank of America. First, she found that Hubbard's claims against Bank of American are barred by the applicable statute of limitations. And even if the claims were timely, they would be barred for the same reasons that no claims against Deutsche Bank and SPS have been stated.

Hubbard has articulated eight objections, none of which have merit. The objections will be summarized and overruled in turn.

**A.**

First, Hubbard objects to Judge Morris's finding that he has not stated a claim upon which relief can be based. He asserts that he "has claimed Fraud against Deutsche Bank" and "further asserts his claims based on the following support." Pl. Objs at 2, ECF No. 43. But the further support Hubbard provides is simply additional factual background. Because the operative pleading in this matter is Hubbard's complaint, the allegations in objection one cannot substitute to provide the factual basis for a cognizable claim for relief. As Judge Morris explains, the

allegations in Hubbard's complaint are insufficiently specific to put Deutsche Bank on notice of what fraudulent behavior it is being accused of. Hubbard's first objection will be overruled.

**B.**

Hubbard's second objection is likewise meritless. In it, Hubbard takes issue with Judge Morris's observation that he did not distinguish between the different Defendants in his complaint and thus failed to place them on notice of the allegations against them. Hubbard attempts to remedy that problem by clarifying the misconduct that he is accusing the Defendants of having engaged in. But, as Judge Morris explained in the report and recommendation, Hubbard cannot amend his complaint, which is the operative pleading in this matter, by simply including new factual allegations in his briefing in opposition to the motions for summary judgment. *See* Rep. & Rec. at 5 ("Once again, Plaintiff is not entitled to amend his complaint by simply placing new allegations in his response to Defendants' motion for summary judgment. While complaints drafted by *pro se* filers should be construed liberally, permitting Plaintiff to throw new claims into his responses without regard for amending his complaint would throw the rules of civil procedures into disarray, and would be fundamentally unfair to Defendants, who drafted their motions for summary judgment on the premise that Plaintiff's complaint is the sole source of his claims."). Because Hubbard's second objection constitutes another attempt to supplement the factual allegations in his complaint, it will be overruled.

**C.**

In the third objection, Hubbard objects to Judge Morris's assertion that Hubbard has no right to modification of his mortgage contract under federal law, state law, or the terms of his contract. Hubbard essentially reiterates his arguments that "Defendant Select Portfolio Servicing has signed agreement with HAMP to offer HAMP modified mortgages and consented to follow

their terms and guidelines." Objs. at 8. Judge Morris expressly considered and rejected this line of argument:

> [N]umerous judges in this district have concluded that the 2012 National Mortgage settlement is a consent judgment which operates only between the parties to that agreement, that the judgment can be enforced only in the United States District Court for the District of Columbia, and that it offers no cause of action for individual homeowners. *See Purnell v. CitiMortgage, Inc.*, No. 14-11107, 2015 WL 4199243, at *14 (E.D. Mich. July 13, 2015) ("Plaintiff's claim that she is an intended third-party beneficiary to the National Mortgage Settlement as set forth in the Consent Judgment is without merit."); *Parker v. Chase Home Finance, LLC*, No. 11–11540, 2013 WL 5874614, at * 2 (E.D. Mich. Oct. 31, 2013) ("[T]his court is without jurisdiction to enforce the National Mortgage Settlement, which is enforced through a consent judgment entered in the United States District Court for the District of Columbia."); *Habib v. Bank of Am.*, NA, No. 13–10853, ECF No. 16, at *6–7 (E.D. Mich. July 15, 2013) (concluding that the plaintiff was not a party to the Consent Judgment and therefore could not enforce its terms and noting that the express language of the Consent Judgment provides that it must be enforced in the United States District Court for the District of Columbia). Plaintiff therefore cannot obtain relief under the 2012 National Mortgage Settlement.

Rep. & Rec. at 18–19. *See also Loeffler v. BAC Home Loans Servicing, L.P.*, No. 11-CV-13711, 2012 WL 666750, at *4 (E.D. Mich. Feb. 29, 2012) (noting that HAMP does not require mortgage servicers to modify loans and that HAMP creates no private right of action).

In the third objection, Hubbard simply reiterates the argument, previously rejected, that HAMP creates a right of modification. But courts have uniformly held that private homeowners cannot directly sue their lenders for breach of the settlement agreement or of HAMP. Hubbard has not identified any error in Judge Morris's rationale. The third objection will be overruled.

**D.**

In the fourth objection, Hubbard again contends that Defendants were obligated to provide him a mortgage modification pursuant to the 2012 settlement agreement and the HAMP guidelines. As discussed above, even if Defendants had breached such an obligation, neither the

2012 settlement agreement nor HAMP creates a private cause of action. Thus, Hubbard cannot rely on either in his attempt to bring suit. The fourth objection is meritless.

E.

In the fifth objection, Hubbard again argues that Defendants defrauded him. As explained while overruling Hubbard's first objection, Hubbard's complaint does not include specific allegations sufficient to satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b). Hubbard provides additional factual detail in the fifth objection. But as already explained, any attempt to amend his pleadings via his objections is incompatible with the Federal Rules of Civil Procedure. The fifth objection will be overruled.

F.

Next, Hubbard argues that Defendants' fraudulent actions should toll the statute of limitations. Judge Morris did not consider whether Hubbard's claims should be equitably tolled. But, even if the claims were tolled, Hubbard has still failed to identify a cognizable private right of action against Defendants. Thus, regardless of whether the statute of limitations should be tolled, Hubbard has not stated a claim upon which relief can be based.

G.

Hubbard's seventh objection is simply a conclusory allegation that "Defendants owe the Plaintiff a duty of care and furthermore there are triable issues of facts and remedies" available to him. Objs. at 11. As explained above, Hubbard's claims fail as a matter of law because he has not identified or adequately alleged the factual basis for a private cause of action. To the extent Hubbard alleges that Defendants owed him a duty of care by virtue of the lender/borrower relationship, he has not explained what legal duty, outside the mortgage contract itself, Defendants owe him. *See Ulrich v. Fed. Land Bank of St. Paul*, 192 Mich. App. 194, 199 (1991)

("[T]he sometimes hazy distinction between contract and tort actions is made by applying the following rule: if a relation exists that would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise it will not."). The misconduct which Hubbard asserts all arises out of the Defendants' allegedly fraudulently behavior with regards to the mortgage contract. Judge Morris properly found that the allegations of fraud in the complaint are too general to comply with Rule 9(b). Hubbard's complaint raises no cognizable factual or legal basis for an independent duty of care arising from tort law. The seventh objection will be overruled.

**IV.**

Because all of Hubbard's objections have been overruled, Judge Morris's report and recommendation is ripe for adoption. However, Hubbard has also filed a motion for leave to file an amended complaint. ECF No. 42. Much of Judge Morris's analysis was predicated on the (lack of) factual allegations in Hubbard's original complaint. If the factual allegations in Hubbard's proposed amended complaint provide the basis for a cognizable right of relief, then Hubbard's complaint should not be dismissed. Because the allegations in the proposed amended complaint does not specify a cognizable claim, however, amendment would be futile and the motion for leave to amend will be denied.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." Denial of a motion to amend is appropriate, however, "'where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of the amendment, etc.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

An amendment would be futile if the amended complaint does not state a claim upon which relief can be based. A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79 (quotations and citation omitted).

**A.**

Hubbard's proposed amended complaint is 60 pages long and was drafted in narrative, not pleading, form. Prop. Am. Compl., ECF No. 44. Although the proposed amended complaint thus adds an extraordinary amount of factual allegations, it is fundamentally premised on the same, legally defective, theory that Hubbard advanced in his original complaint. In the proposed amended complaint, Hubbard is nominally advancing claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), and promissory estoppel. Prop. Am.

Compl. at 3. But he confirms that both claims ultimately arise "from Defendants allegedly fraudulent administration of the Home Affordable Modification Program (HAMP)." *Id.*

In great detail, Hubbard summarizes his understanding of the events leading up to the HAMP, the obligations imposed on lenders by HAMP, and Defendants's allegedly fraudulent violation of those obligations as regards Hubbard. He then identifies three causes of action. First, he asserts a RICO claim, contending that the "members of the RICO enterprise all had a common purpose: to extend as few permanent HAMP modification as possible." *Id.* at 53. Hubbard further contends that Defendants engaged in mail and wire fraud, as well as extortion. Second, Hubbard asserts a promissory estoppel cause of action. Third, he presents a breach of fiduciary duty claim. Because none of the claims are cognizable, the motion for leave to amend is futile and will be denied.

**B.**

In order to establish a RICO violation, Hubbard must show: "1) there were two or more predicate offenses; 2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to his business or property by reason of the above." *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993). Only an offense listed in 18 U.S.C. § 1961(1) can serve as a "predicate offense" sufficient to give rise to RICO liability. Allegations that Defendants violated their obligations under HAMP do not qualify as predicate offenses because such an offense is not listed in § 1961(1) and because there is no private cause of action for violations of HAMP. *See McCann v. U.S. Bank, N.A.*, 873 F. Supp. 2d 823, 844 (E.D. Mich. 2012). In fact, HAMP merely encourages lenders to modify mortgages; it does not impose an affirmative legal obligation to do so. *See Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 748 (E.D. Mich. 2010). *See*

*also Williams v. Timothy F. Geithner*, No. CIV.09-1959 ADM/JJG, 2009 WL 3757380, at *7 (D. Minn. Nov. 9, 2009). Given the aspirational nature of HAMP, any failure by Defendants to comply with the terms of the agreement is unenforceable and thus cannot form the basis of a RICO predicate offense. Hubbard's RICO claim is deficient as a matter of law.

**C.**

Hubbard's proposed promissory estoppel claim is likewise meritless. The basis of this claim is that Defendants made "representations to Plaintiff that if he made his trial payments and otherwise qualified for HAMP modification, he would receive offer of permanent HAMP modification." Prop. Am. Compl. at 59. This claim is thus effectively another attempt to bring a private cause of action to enforce HAMP. More importantly, this claim is barred by Michigan's statute of frauds. *See* Mich. Comp. Laws § 566.132(2) ("An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution: . . . (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan."). Michigan courts have firmly established that, because promissory estoppel is a judicially-created doctrine, it cannot be used to circumvent the statute of frauds. *See McCann*, 873 F. Supp. 2d at 835. *See also Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 548–553 (2000). Here, Hubbard has not alleged or identified any written agreement to modify his mortgage. As such, his promissory estoppel claim is noncognizable.

**D.**

Finally, Hubbard brings a "breach of fiduciary duty" claim. This claim is fundamentally identical to the one raised in Hubbard's original complaint and rejected by Judge Morris and this

Court. To begin with, HAMP does not impose a legally enforceable duty on Defendants. *See Hart*, 735 F. Supp. 2d at 748. Hubbard has not identified what other duty Defendants might have towards him. To the extent Hubbard relies upon the mortgage contract to establish a duty, then the only cognizable claim would be for breach of contract, which has not been alleged. Given the lack of a basis for the alleged duty, Hubbard's breach of fiduciary duty claim is noncognizable. Because none of the claims in Hubbard's proposed complaint are cognizable, allowing the amendment would be futile. Accordingly, Judge Morris's recommendation to dismiss Hubbard's complaint will be adopted.

V.

Accordingly, it is **ORDERED** that Plaintiff Hubbard's Objections, ECF No. 43, are **OVERRULED.**

It is further **ORDERED** that Judge Morris's Report and Recommendation, ECF N0, 41, is **ADOPTED.**

It is further **ORDERED** that Defendants' Motions for Summary Judgment, ECF Nos. 27, 28, are **GRANTED.**

It is further **ORDERED** that Plaintiff Hubbard's Motion for Leave to File Amended Complaint, ECF No. 42, is **DENIED as futile.**

It is further **ORDERED** that Plaintiff Hubbard' Complaint, ECF No. 1, is **DISMISSED.**

Dated: August 30, 2017   s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2017.

          s/Kelly Winslow    
          KELLY WINSLOW, Case Manager