UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHERMAN M. HUBBARD,

        Plaintiffs,                                Case No. 16-cv-11455

v.                                               Honorable Thomas L. Ludington

SELECT PORTFOLIO SERVICING, INC. et al,

        Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

On April 22, 2017, Plaintiff Sherman Hubbard, proceeding pro se, filed a complaint naming Select Portfolio Servicing, Inc., Bank of America, and Deutsche Bank as Defendants. ECF No. 1. All pretrial matters were referred to Magistrate Judge Patricia T. Morris. ECF No. 3. On December 12, 2016, Defendants filed two motions for summary judgment. ECF Nos. 27, 28. On March 16, 2017, Judge Morris issued a report recommending that the motions be granted and the complaint dismissed. ECF No. 41. On March 28, 2017, Hubbard filed a motion for leave to file an amended complaint. ECF No. 41. He also filed objections to Judge Morris's report and recommendation. ECF No. 42. On August 30, 2017, the Court issued an order overruling Hubbard's objections, adopting the report and recommendation, and dismissing Hubbard's complaint. ECF No. 50.

Now, Hubbard has filed a motion for reconsideration of the Court's order of dismissal. ECF No. 52. In the motion, Hubbard quotes several sections from his complaint and argues, simply:

> That it [sic] clear that no existing banking institution of any kind now in existence owns the original Hubbard mortgage nor does any such institution have standing

> to foreclose or otherwise have any proceeding against Plaintiff in any respect and to the extent they have tried, they are acting fraudulently causing Plaintiff damages.

Mot Recon. at 2, ECF No. 52.

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also* Bowens v. Terris, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

Hubbard's complaint was dismissed because he did not specifically allege facts sufficient to establish a claim for fraud and because the TARP and HAMP programs did not create a private cause of action. In other words, Hubbard's complaint was dismissed because he had not alleged a cognizable cause of action. Hubbard's current contention that Nationwide Lending Corporation (which originally provided the mortgage to him) is now out of business does nothing to change that conclusion. Hubbard alleges in his own complaint (and proposed amended complaint) that his mortgage was reassigned to Bank of America and then to Deutsche Bank. Compl. at 2, ECF No. 1–3. There is no allegation or reason to believe that the assignment was

- 3 -

invalid. As such, it is not relevant whether Nationwide Lending Corporation is still in business or not. Hubbard's motion for reconsideration will be denied.

Accordingly, it is **ORDERED** that Plaintiff Hubbard's motion for reconsideration, ECF No. 52, is **DENIED.**

Dated: September 19, 2017　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 19, 2017.

　　　　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　　　　KELLY WINSLOW, Case Manager